IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:15CR111-GHD-DAS

AKIDA WILLIAMS
a/k/a "Kida"

**STIPULATED FINAL ORDER OF FORFEITURE**

WHEREAS, a Plea Agreement was entered into between the Defendant, Akida Williams, and the United States of America, which Plea Agreement provided, inter alia, that the Defendant, Akida Williams, would enter a plea of guilty under oath to Counts One and Eleven of the Superseding Indictment, which charges that the defendant, Akida Williams:

(a) <u>Count One</u>: did knowingly, intentionally and willfully combine, conspire, and agree with co-defendants, and persons both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 846; and

(b) <u>Count Eleven</u>: did, with co-defendant, PAUL JACKSON, a/k/a "Wall", and other unindicted co-conspirators known and unknown to the Grand Jury, unlawfully, knowingly and intentionally combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (h), to wit:

To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to possess with intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, that is, distribution of a controlled substance, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

WHEREAS, Title 21, United States Code, Section 853 provides that any property which constitutes or is derived from proceeds obtained, directly or indirectly, as the result of a violation of Title 21, United States Code, Section 841 and any property used, or intended to be used, in any manner or part, to commit, or to facilitate, such a violation is forfeitable to the United States; and

WHEREAS, Title 18, United States Code, Section 982 provides that any property, real or personal, involved in or traceable to property involved in a violation of Title 18, United States Code, Section 1956 is forfeitable to the United States; and

WHEREAS, by virtue of said Plea Agreement and the subsequent pleas of guilty by the Defendant, Akida Wiliams, the United States is now entitled to an order of forfeiture which would consist of a personal money judgment against the Defendant, Akida Williams, in the amount of $95,487.00; and

WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment,"

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that the Defendant, Akida Williams, shall forfeit to the United States the sum of $95,487.00 pursuant to the statutes and procedures cited above, and that a money judgment for said amount of $95,487.00 is hereby entered against the Defendant, Akida Williams; and

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

IT IS FURTHER ORDERED that pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall become final as to the Defendant at this time, and shall be made part of the sentence imposed upon the Defendant and included in the judgment; and

IT IS FURTHER ORDERED that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this order of forfeiture to substitute property having a value not to exceed $95,487.00 to satisfy the money judgment in whole or in part.

SO ORDERED AND ADJUDGED this the 14th day of September, 2016.

_____
HONORABLE GLEN H. DAVIDSON
SENIOR UNITED STATES DISTRICT JUDGE

Prepared by:

s/ SAMUEL D. WRIGHT
SAMUEL D. WRIGHT
Assistant United States Attorney
MS Bar No. 101425

AGREED AND CONSENTED TO:

_____
AKIDA WILLIAMS
Defendant

APPROVED:

_____
TOM LEVIDIOTIS
Attorney for Defendant
Mississippi Bar No. 9397