IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AKIDA WILLIAMS                                                          MOVANT

V.                                          NO.: 1:15CR111-GHD-DAS

UNITED STATES OF AMERICA                        RESPONDENT

## ORDER TRANSFERRING MOTION TO FIFTH CIRCUIT

This cause is before the Court on Movant's motion for relief from the judgment dismissing his § 2255 motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

## Procedural History

On June 7, 2018, this Court entered a judgment denying Williams' motion to vacate his federal sentence pursuant to 28 U.S.C. § 2255. Doc. #496. On or about January 29, 2019, Williams filed the instant Rule 60 motion asking the Court to vacate his conviction or resentence him without a career offender enhancement. Doc. #501 at 23.

## Discussion

Williams seeks to reopen his case pursuant to Federal Rule of Civil Procedure 60(b), claiming that this Court erred in denying his claim that counsel rendered ineffective assistance by failing to object to Williams' classification as a career offender, and arguing that absent such a designation, he would have received a much more lenient sentence. He asserts that the Court failed to address his claims on their merits, thereby allowing reconsideration of his claims under Rule 60(b).

The Court notes that a "true" Rule 60(b) motion "either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2)

challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 & n.4 (2005)).

In dismissing Williams' career offender claim, the Court determined:

> Williams fails to show that the alleged error [designating him as a career offender] could not have been raised on direct appeal. Questions of constitutional or jurisdictional magnitude may not be raised for the first time on collateral review absent a showing of cause and prejudice. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1992). Other types of error may be raised under § 2255 only if the movant demonstrates that the error could not have been raised on direct appeal and, if allowed, would result in a complete miscarriage of justice. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). As the Court has already determined, Williams cannot demonstrate the requisite cause and prejudice, because he has not demonstrated that his sentence would have been shorter had counsel objected to the career offender designation. Moreover, technical application of the Guidelines does not raise a constitutional issue. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Finally, the Court notes that the alleged error did not constitute a fundamental defect which inherently resulted in a complete miscarriage of justice. *United States v. Smith*, 844 F.2d 203, 206 (5th Cir. 1988) (quotation marks omitted). Therefore, a claim that the district court erroneously applied a career offender enhancement under the Guidelines fails to qualify as a constitutional injury and is not otherwise cognizable in a § 2255 proceeding. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Relief on this claim is denied.

Doc. #497 at 5-6.

Williams argues that since the Court did not address his career offender claim on its merits, his motion is properly considered under Rule 60(b). *See Gonzalez*, 545 U.S. at 538 (noting petitioner may challenge district court's failure to reach merits of his petition under Rule 60(b)); *see also Williams v. Thaler*, 602 F.3d 291, 302 & n.4 (5th Cir. 2010) (applying rationale of *Gonzalez* to § 2255 proceedings). This argument is unpersuasive, however, as the Court found the claim failed to state a constitutional injury. *See* Doc. #497. Therefore, despite Williams' classification of the instant motion, his arguments invite review of issues decided on their merits,

2

and his motion attacks the validity of his conviction. Accordingly, the instant motion is, in substance, a successive petition requiring appellate authorization before it may be considered by this Court. 28 U.S.C. § 2244(b)(3)(A) and (B); *Gonzalez*, 545 U.S. at 531; *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998). Absent such authorization, the Court is without jurisdiction to proceed. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Accordingly, **IT IS ORDERED** Williams' motion [501] is hereby **TRANSFERRED** to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3) and *In re Epps*, 127 F.3d 364 (5th Cir. 1997) for determination of whether Williams should be allowed to file his successive motion in this Court.

**THIS** 27th day of February, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE